*In re* MARRIAGE OF THOMAS A. MICHE, Petitioner-Appellee, and BIBIAN MICHE, Respondent-Appellant.

Second District No. 84—571

Opinion filed March 29, 1985.

Barry A. Schultz and Kevin M. Kane, both of Prairie State Legal Services, of Waukegan, and Bernard Shapiro, of Prairie State Legal Services, of Rockford, for appellant.

Karen L. Brigham, of Waukegan, for appellee.

JUSTICE HOPF delivered the opinion of the court:

In this dissolution of marriage action, respondent, Bibian Miche, appeals from an order of the circuit court of Lake County which retained jurisdiction over the issue of custody of the couple's three minor children and awarded temporary custody of the two eldest children to petitioner, Thomas Miche. The sole issue in this interlocutory appeal (87 Ill. 2d R. 306) is whether the circuit court has jurisdiction over the minor children pursuant to the Uniform Child Custody Jurisdiction Act (hereinafter referred to as the Act) (Ill. Rev. Stat. 1983, ch. 40, par. 2101 et seq.). We reverse.

Thomas and Bibian Miche were married on October 17, 1973, in the Philippines. In 1974, the couple moved to California, where they continued to reside until August 1983. As a result of the marriage, the couple had three children: Michelle Sherry, age 10 at the time of trial; Steven Thomas, age nine; and Merry Jean Gloria, age six.

On August 16, 1983, Thomas Miche and his two eldest children, Michelle and Steven, moved to Illinois. Subsequently, on November 18, 1983, the petitioner filed suit for dissolution of marriage in the Lake

County circuit court. Prior to entry of the judgment for dissolution of marriage, the respondent filed a petition for dissolution of marriage in California, requesting that she be granted custody of the children. Shortly thereafter on February 13, 1984, the trial court in Illinois entered a judgment, by default, for dissolution of marriage and awarded the petitioner custody of the two eldest children.

On February 17, 1984, the respondent filed a special and limited appearance and a motion to vacate the judgment for dissolution of marriage. The motion contested the Illinois trial court's jurisdiction to determine child custody. The trial court vacated that portion of the judgment awarding custody of the two eldest children, Michelle and Steven, to the petitioner. However, it awarded the petitioner temporary custody of the two eldest children and retained jurisdiction to make a final custody determination. Respondent's subsequent motion to reconsider was denied, and timely petition for interlocutory appeal followed.

On appeal, respondent contends that jurisdiction is lacking because Illinois is not the "home state" of the minor children within the meaning of section 4(a)(1)(i) of the Act (Ill. Rev. Stat. 1983, ch. 40, par. 2104(a)(1)(i)), and because it would not be in the best interest of the children for Illinois to assume jurisdiction (see Ill. Rev. Stat. 1983, ch. 40, pars. 2104(a)(2), 2108(c)). We agree.

Section 4(a) of the Uniform Child Custody Jurisdiction Act (Ill. Rev. Stat. 1983, ch. 40, par. 2104(a)) sets forth the circumstances under which Illinois courts have jurisdiction to make a child custody determination. That section provides, in relevant part:

"(a) The circuit courts have jurisdiction to make a child custody determination by initial or modification judgment if:

1. this State

(i) is the home state of the child at the time of commencement of the proceeding, or

\* \* \*

2. it is in the best interest of the child that a court of this State assume jurisdiction because

(i) the child and his parents, or the child and at least one contestant, have a significant connection with this State, and

(ii) there is available in this State substantial evidence concerning the child's present or future care, protection, training, and personal relationships; \* \* \*." Ill. Rev. Stat. 1983, ch. 40, par. 2104(a).

We find persuasive respondent's first contention that Illinois is not the "home state" of the minor children. "Home state" is defined

in the Act, for purposes of this appeal, as "the state in which the child *immediately preceding the time involved* lived with his parents, a parent, or a person acting as parent, for at least 6 consecutive months ***." (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 40, par. 2103.04.) The "time involved" in the instant action is the "time of commencement of *the proceeding.*" (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 40, par. 2104(a)(1)(i).) "Custody proceeding" is defined in section 3.03 of the Act as "proceedings in which a custody determination is one of several issues ***." Ill. Rev. Stat. 1983, ch. 40, par. 2103.03.

Here, petitioner filed for dissolution of marriage on November 18, 1983, approximately three months after moving to this State from California. The custody of the minor children was one of the issues raised in the dissolution petition, and thus the "custody proceeding" commenced as of that date. Accordingly, it is manifest that Illinois was not the "home state of the [minor children] at the time of commencement of the proceeding" since only three months had elapsed, and jurisdiction was lacking on this basis.

We also agree with respondent's second contention that section 4(a)(2) of the Act, pertaining to the "best interest of the child," does not afford a basis for jurisdiction over the minor children. A finding of jurisdiction under that section requires that the minor children and petitioner have "a significant connection with this State," and that "substantial evidence concerning the [children's] present or future care, protection, training, and personal relationships" be available in this State. (Ill. Rev. Stat. 1983, ch. 40, pars. 2104(a)(2)(i), 2104(a)(2)(ii).) The purpose of paragraph two "is to limit jurisdiction rather than to proliferate it" and "[t]he interest of the child is served when the forum has optimum access to relevant evidence about the child and the family. There must be maximum rather than minimum contact with the state." (*In re Marriage of Levy* (1982), 105 Ill. App. 3d 355, 361-62, 434 N.E.2d 400, quoting 9 Unif. Laws Ann. 124 (1979).) Further, the term "substantial evidence" in the statute was not intended to be used as a substitute for "some evidence," as may be used in other contexts, but was rather intended to require a high degree of connection and access to evidence. (*In re Marriage of Levy* (1982), 105 Ill. App. 3d 355, 362, 434 N.E.2d 400.) This interpretation is also apparent from an examination of section 2, which sets forth the general purposes of the Act, and which provides in part:

"(a) The general purposes of this Act are to:
* * *

 3. assure that litigation concerning the custody of a child take place ordinarily in the state with which the child and his

family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available, and that *courts of this State decline the exercise of jurisdiction when the child and his family have a closer connection with another state; \*\*\*.*" (Emphasis added.) Ill. Rev. Stat. 1983, ch. 40, par. 2102(a)(3).

■ We conclude that it is not in the best interest of the children, within the meaning of section 4(a)(2) of the Act (Ill. Rev. Stat. 1983, ch. 40, par. 2104(a)(2)), that Illinois retain jurisdiction over the custody determination. The record indicates that the minor children have spent nearly their entire lives in California and have had all of their schooling in California prior to the divorce proceeding. Further, respondent and the youngest child still reside there. On the basis of these facts, we think it is clear that greater access exists in California to relevant information concerning the children's health, education, personal relationships, and home life, and that accordingly California has a higher degree of connection with the children than does Illinois, where two of the children have lived for only two years. See *Siegel v. Siegel* (1981), 84 Ill. 2d 212, 417 N.E.2d 1312; *In re Custody of Holman* (1979), 77 Ill. App. 3d 732, 396 N.E.2d 331.

■ The petitioner contends that Illinois has closer connections with the minor children because: (1) two of the children have attended school in Illinois for an entire year; (2) Michelle is presently enrolled in a special program for the learning disabled in this State; and (3) the plaintiff remarried in April 1984 and the children are now part of an extended family which includes a stepmother, a stepbrother and two stepsisters. While these facts constitute "some evidence" of a connection with this State, we do not believe they constitute facts sufficient to render Illinois the State with which the family has the closest connection. Further, during oral argument on appeal counsel for petitioner conceded that Illinois does not have jurisdiction to determine the custody of the youngest child still remaining in California. This being the case, we think the purposes of the Act would be better served by declining jurisdiction in Illinois in accordance with section 2(a)(3) (Ill. Rev. Stat. 1983, ch. 40, par. 2102(a)(3)), so that custody of all three children can be determined at the same time in California.

For the reasons stated above, we reverse the order of the circuit court of Lake County for lack of jurisdiction.

Reversed.

REINHARD and UNVERZAGT, JJ., concur.