SHORTESS, Judge.
Timothy Anthony King (plaintiff) filed suit for divorce against his wife Maria Al-vis [1] King (defendant) on May 29, 1991. Therein, plaintiff also sought the permanent care, custody, and control of Steven Anthony King, issue of the marriage. Defendant was alleged to be a non-resident, so an attorney was appointed to represent her. Defendant’s appointed attorney filed a declinatory exception to the jurisdiction of the Twenty-Second Judicial District Court over the status of the child. The trial court, with written reasons, maintained the exception and dismissed plaintiffs suit.[2] This appeal followed.
No evidence was taken at the hearing on the exception, but the facts as gleaned from the record[3] indicate that the parties were married on July 4, 1986, in Franklin-ton, Louisiana; that Steven Anthony King was born on March 25, 1987; that the parties moved to Nashua, New Hampshire, in 1988, where they continuously resided until approximately April 8, 1990, when, after a domestic quarrel, plaintiff left New Hampshire with Steven and returned to Louisiana; that defendant filed a domestic violence petition against plaintiff in Nashua District Court on April 9, 1990, and was awarded temporary custody of the parties’ *126 minor children[4] at that time; that service of defendant’s petition and order could not be made on plaintiff and was returned with a note “Moved to Louisiana with child”; that on September 28, 1990, the Honorable James J. Barry, presiding judge of the Superior Court of the State of New Hampshire for the County of Hillsborough, issued an order in “Maria A. King v. Timothy A. King,” pursuant to the Uniform Child Custody Jurisdiction Act, that New Hampshire was the home state for all custody proceedings and found that plaintiff had violated the terms and conditions of the domestic violence orders issued in Nashua District Court on April 9, 1990, awarding temporary custody of Steven to defendant; that Judge Barry affirmed the above-mentioned Nashua County custody order and continued legal custody of Steven Anthony King with defendant; and that Judge Barry further ordered plaintiff to pay defendant $75.00 per week in temporary child support.
The Louisiana trial court, in its reasons for judgment, said:
The exception is based on the Uniform Child Custody Jurisdiction [A]ct contained in LSA-R.S. 13:1700 et seq. Ms. King, through her attorney, has filed records of the proceedings previously filed in the state of New Hampshire captioned “Maria A. King v. Timothy A. King[,”] Hillsborough Superior Court for the state of New Hampshire, Docket No. 90-14-00555. An examination of these proceedings shows that initially the temporary order of custody was granted pursuant to a domestic violence petition filed on April 9, 1990. Thereafter, on September 28,1990 New Hampshire Court made a determination that New Hampshire was the home state for custody proceedings and affirmed the previous court order of April 9,1990 which was entered in connection with a “Liable [sic] for Divorce” filed on April 19, 1990.
Based on the above showing and in accordance with the provisions of the Uniform Child Custody Jurisdiction law the declinatory exception is maintained [and] this proceeding thereby dismissed at plaintiffs costs.
We agree with the trial court that the Uniform Child Custody Jurisdiction Act is applicable here. Specifically, the provisions of LSA-R.S. 13:1705(A) provide:
A court of this state shall not exercise its jurisdiction under this Part if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this Part, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons.
The uncontested facts show that within one day (April 9, 1990) after plaintiff left New Hampshire with Steven, defendant was in court there with a domestic violence petition and obtained temporary custody of Steven. Clearly, New Hampshire was the “home state” with jurisdiction over this custody dispute.
For the reasons stated, the decision of the trial court is affirmed at plaintiffs costs.
AFFIRMED.
EDWARDS, J., concurs.

. Defendant’s middle name is also spelled "Alves” in the record.

. The only issue on appeal is whether the trial court erred in recognizing New Hampshire as the "home state” for custody proceedings, even though plaintiffs suit was dismissed completely, including his action for divorce.

.A complete copy of the record in "Maria A. King v. Timothy A. King,” No. 90-14-00555 on the docket of the Hillsborough Superior Court for the State of New Hampshire, and certified as per Acts of Congress, was attached to defendant’s declinatory exception.

. Although this action only involves Steven Anthony King, the New Hampshire record also lists a Donald Alves, age twelve, also born of this union.