648 A.2d 694

Dennis CRONIN

v.

Stephanie CAMILLERI.

No. 1056, Sept. Term, 1993.

Court of Special Appeals of Maryland.

Oct. 21, 1994.

Albert G. Boyce and Saul Z. Reese (Boyd, Benson & Hendrickson and Dennis Cronin, on the brief), Baltimore, for appellant.

Judith A. Wolfer (Vecchia & Wolfer, on the brief), Takoma Park, for appellee.

Argued before BISHOP, WENNER and MURPHY, JJ.

MURPHY, Judge.

This appeal stems from a custody battle reaching as far west as Hawaii and as far south as Florida. Dennis Cronin, appellant, and Stephanie Camilleri, appellee, are married. They are the natural parents of two children, a daughter born on February 24, 1989, and a son born on November 2, 1990. In March of 1992, the daughter complained that appellant had made her engage in sexual activity with him. This complaint was first made to appellee, who reported it to Child Protective Services. Shortly thereafter, a warrant was issued for appellant's arrest.

On March 12, 1992, appellee took the children to Hawaii. Appellee placed the children in foster care and entered a mental health facility. She remained there for thirteen days. On March 27, 1992, in the Family Court of the First Circuit, State of Hawaii (hereafter referred to as "Hawaii court"), appellee filed an "Ex Parte Petition for a Temporary Restraining Order for Protection and Statement." The Hawaii court issued a temporary restraining order for protection. That order provided in pertinent part:

[P]ursuant to HRS [Hawaii Revised Statutes] Chapter 586, the Court finds there is probable cause to believe:

1. recent past act or acts of abuse has/have occurred.

      \*     \*     \*     \*     \*     \*

It appears to the Court that a Temporary Restraining Order for Protection should be granted, . . .

IT IS HEREBY ORDERED that the Defendant(s) appear before the Judge in the above proceeding at the date, time and place indicated in the attached Notice of Hearing to show cause why this temporary restraining order should not continue.

Pending this hearing on the Order to Show Cause, IT IS ORDERED that the Defendant(s) and any person(s) acting in his/her/their behalf shall be enjoined and restrained from:

1. contacting, threatening or physically abusing

A. the plaintiff(s)

    B.   any person(s) residing at Plaintiff's residence.

    2.   telephoning the Plaintiff(s).

    3.   entering or visiting the Plaintiff(s) residence.

\*    \*    \*    \*    \*    \*

THIS ORDER BECOMES EFFECTIVE ONCE IT HAS BEEN SIGNED AND FILED. THE ORDER REMAINS IN EFFECT FOR THIRTY DAYS UNLESS THE COURT CONTINUES OR TERMINATES IT.

The Hawaii court also scheduled a Show Cause Hearing for April 9, 1992 and attached a notice of that hearing to the restraining order. Appellee's brother mailed to appellant, by certified mail—return receipt requested, a copy of the petition, the restraining order, and notice of the April 9th hearing. Appellant signed a receipt for that mailing on April 3, 1992. When appellant did not appear on April 9th, and appellee could not prove that appellant had received notice of the proceedings, the Show Cause Hearing was continued to April 23, 1992.

Cronin did not appear for the April 23rd hearing, at the conclusion of which the Hawaii court issued a three-year restraining order, that included the following provision:

> Defendant is prohibited from personally contacting Plaintiff and any minor children residing in the household at home, school or babysitters which includes telephoning, visiting and/or remaining within three (3) blocks of the place of residence, school and/or employment of the Plaintiff.

Appellee's request for temporary custody of the children was not granted in that order. On July 24, 1992, appellee filed a motion to amend the order to include temporary custody.

Back in Baltimore, appellant turned himself in on the outstanding warrant and posted bail. He then filed a complaint for limited divorce in the Circuit Court for Baltimore City. That complaint included a request that appellant be granted custody of the children. On September 10, 1992, appellant travelled to Hawaii, served appellee with a copy of the Balti-

more City complaint, took the children away from their baby-sitter, and returned to Baltimore with them.

On September 23, 1992, appellee filed a motion for emergency custody in the Circuit Court for Baltimore City. The Honorable Marvin B. Steinberg scheduled a hearing for the next day. Judge Steinberg also ordered appellant to appear in person and produce the children at the September 24th hearing. Appellant received notice of the hearing but removed himself and the children from Maryland.

On September 24th, Judge Steinberg awarded temporary custody of the children to appellee, ordered that appellee remain in Maryland until further order of court, and issued a body attachment for appellant. On October 5, 1992, the Hawaii court granted appellee's motion to amend and awarded temporary custody of the children to her. On November 21, 1992, appellant was arrested in Florida, charged with abduction of the children, and returned to Maryland.

On April 14, 1993, appellee filed a supplemental motion in the Circuit Court for Baltimore City, requesting that the court (1) modify the custody order to allow her to return to Hawaii with the children, and (2) dismiss appellant's request for custody. After hearings on that motion, the Honorable John N. Prevas (1) dismissed appellant's complaint for custody, (2) dissolved the injunction preventing appellee from leaving Maryland, (3) denied appellee's motions for attorneys' fees and transportation costs, and (4) denied appellant's motion to stay the proceedings. We affirm each of those decisions.

Appellant presents the following issues for our review:

I.  Did the court abuse its discretion or err as a matter of law when it ruled that the temporary restraining order filed in the State of Hawaii constituted a "proceeding" as contemplated by the Maryland U.C.C.J.A. and the Federal Parental Kidnapping Prevention Act?

II. Did the court abuse its discretion when it ruled that the appellant had received sufficient notice of the April 9, 1992 hearing in Hawaii as required by the

U.C.C.J.A. and the Federal Parenting Kidnapping Prevention Act?

III.    Did the court abuse its discretion when it ruled that the State of Maryland was an "inconvenient forum" as contemplated under the Maryland U.C.C.J.A. and the Parental Kidnapping Prevention Act?

IV.    Did the court abuse its ·discretion when it relinquished jurisdiction to the State of Hawaii based on the alleged "reprehensible conduct" of the Appellant?

V.    Did the court indicate a predisposition and violate the right of the Appellant to a decision based solely on the evidence and the law, when the court expressed itself that the Court suspected that the sexual abuse criminal proceedings that arose out of the Appellee's false accusations, were dismissed because the authorities "did not want to expose the child to the adversary system of the criminal justice system?"

## I. & III.

Judge Prevas stated:

A.    The State of Maryland (Circuit Court for Baltimore City) has jurisdiction over the issue of custody of the two minor children, pursuant to the provisions of FL. Art. 9–204, particularly subsections (a)(1)(i), (a)(1)(ii) and (a)(2) of that section of the Maryland Uniform Child Custody Jurisdiction Act ("UCCJA").

B.    The Defendant, Stephanie Camilleri's, Ex Parte Petition for a Temporary Restraining Order for Protection and Statement filed in the Family Court for the First Circuit of the State of Hawaii constitutes a "proceeding" as contemplated by the Maryland UCCJA, particularly the provisions of FL. Art. 9–201(d) and FL. Art. 9–206.

C.    That, therefore, pursuant to the provisions of FL. Art. 9–206, the State of Maryland (Circuit Court for Baltimore City) declines to exercise its jurisdiction over the custody issue, due to pendency of a custody proceeding in

the State of Hawaii as of the time of the filing of the Plaintiff's Complaint for limited Divorce....

Neither party disputes that finding. We agree that Maryland has jurisdiction over the custody issue. *Etter v. Etter,* 43 Md.App. 395, 398, 405 A.2d 760 (1979).

### *The Hawaii Proceeding*

■ Appellant contends that the temporary restraining order filed by the Hawaii court was not a "proceeding" under the Maryland Uniform Child Custody Jurisdiction Act ("UCCJA"). We disagree.

Judge Prevas stated:

In the request for the temporary restraining order, although custody was not directly discussed, it was clear that the children were being kept away by the mother from the father because of the allegations of abuse. So that I find as a fact and as a matter of law, that the March 27, 1992 temporary restraining order was a proceeding as contemplated by 9–206, even though the statute which authorizes that proceeding, that being chapter 586 of the Family Law Article of Hawaii, rather than ... 583 of the Hawaii Statute which is the UCCJA.

\* \* \* \* \* \*

At the time it was being reviewed by Maryland ... the temporary restraining order ... was a proceeding that's ancillary to the UCCJA and had the welfare of the child as it implicitly relates to custody as a part of its subject matter....

\* \* \* \* \* \*

... [M]y conclusion of law with respect to the issue of whether or not under 9–206, the application for the temporary restraining order in Hawaii was a proceeding as contemplated in 9–206, that just as a ... 4–505 or 4–506 proceeding would be a proceeding contemplated by the UCCJA in Maryland.... section 586 of the Hawaii code is

... a proceeding as contemplated under section 583 in Hawaii.

We agree with this analysis.

Md.Code (1984, 1991 Repl.Vol.), § 9–206(a) of the Family Law Article (hereinafter referred to as "FL.") provides in pertinent part:

> [A] court of this State shall not exercise its jurisdiction under this subtitle if, at the time of filing the petition, a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this subtitle, unless the proceeding is stayed by the court of the other state because this State is a more appropriate forum or for other reasons.

Haw.Rev.St. ch. 586 also provides for temporary custody. Appellant's Ex Parte Petition stated that, "[a]t the Order to Show Cause hearing, the Plaintiff(s) will ask for ... an order giving Plaintiff(s) ... temporary custody." The Hawaii court's April 23, 1992 restraining order prohibited appellant from any personal contact with appellee or the children, and its October 5, 1992 order gave appellee "temporary custody" of both children. A "custody proceeding" includes any proceeding in which custody is at issue. FL. § 9–201(d).

Neither a temporary restraining order nor a temporary custody order is a final adjudication of the issue. *See Kerns v. Kerns,* 59 Md.App. 87, 97, 474 A.2d 925 (1984). At the time appellant filed for a limited divorce, a custody proceeding was "pending" in Hawaii.

### Substantial Conformity

■ Appellant contends that the Hawaii proceeding was not in substantial conformity with the Maryland UCCJA because Hawaii did not obtain jurisdiction through any means provided in the Act. We reject this contention. Hawaii did have emergency jurisdiction under FL. 9–204(a)(3), which provides:

> (3) the child is physically present in this State and ... it is necessary in an emergency to protect the child because

the child has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent. . . .

Judge Prevas found that Hawaii acquired emergency jurisdiction over the custody issue because appellee filed the petition for protective order in response to allegations that appellant had committed sexual and physical abuse. Those factual findings were not clearly erroneous.

### *Forum Non Conveniens*

■ Appellant contends that Maryland was not an inconvenient forum as contemplated under the Maryland UCCJA and the PKPA. Judge Prevas ruled that

[i]n the alternative, the State of Maryland ... declines to exercise its jurisdiction over the custody issue in this matter as the State of Maryland is an inconvenient forum to hear this issue pursuant to the provisions of FL. Art. 9–207.

FL. § 9–207 provides that:

(a) *Action if this State is inconvenient forum.*—A court which has jurisdiction under this subtitle to make an initial decree or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.

*    *    *    *    *    *

(c) *Factors in determination.*—In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose, it may take into account the following factors, among others:

(1) if another state is or recently was the child's home state;

(2) if another state has a closer connection with the child and the child's family or with the child and 1 or more of the contestants;

(3) if substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state;

\* \* \* \* \* \*

(5) if the exercise of jurisdiction by a court of this State would contravene any of the purposes stated in § 9–202 of this subtitle.

The record fully supports each of the following findings of fact announced by Judge Prevas: (1) the children had a substantial number of relatives in—and a closer connection to—Hawaii, (2) the initial custody proceeding was filed in Hawaii, (3) appellee had the ability to earn a living in Hawaii, but not in Maryland, and (4) significant evidence concerning the child's care, protection, training, and personal relationships is readily available in both states. In light of those factual findings, we cannot reverse the conclusion that Maryland is an inconvenient forum under § 9–207.

## II.

■ Appellant contends that he did not receive sufficient notice of the Show Cause Hearing held in Hawaii. We disagree.

Judge Prevas stated:

Neither the UCCJA [n]or the Parental kidnapping Prevention Act, 28 U.S.C. 1738A ("PKPA"), absolutely require personal jurisdiction over an out-of-state contestant, but, instead, require that reasonable notice and opportunity to be heard be given to all contestants prior to the issuance of any child custody determination or custody decree (*See* FL. § 9–205 and 28 U.S.C. 1738A(3)).

\* \* \* \* \* \*

Service on the Plaintiff, Dennis Cronin, of the Defendant's Ex Parte Petition for a Temporary Restraining Order for Protection and Statement, Temporary Restraining Order for Protection and attached Notice of [Show Cause] Hearing (for April 9, 1992) by certified mail and signed receipt

satisfied the notice and opportunity to be heard requirements of the UCCJA and the PKPA.

We agree with Judge Prevas. The Hawaii proceedings, originally scheduled for April 9, 1992, were postponed for two weeks in order to protect appellant's rights. Appellant received notice of the temporary restraining order. He testified that he thereafter refused to sign for any certified mail from Hawaii because "I knew it wasn't going to be any kind of good news. I didn't want to get involved in any kind of Hawaii dispute. And I ... just let them go back."

### IV.

In his order, Judge Prevas found that

the State of Maryland ... declines to exercise its jurisdiction over the custody issue in this matter pursuant to the provisions of FL. Art. 9–208(a), due to the Plaintiff, Dennis Cronin's, reprehensible conduct in violating Judge Steinberg's Order of September 23, 1992 and taking the children to Florida.

Appellant contends that his refusal to appear as ordered at the September 24, 1992 custody hearing, and his taking the children to Florida, did not constitute a proper basis for relinquishing jurisdiction. We are persuaded that appellant's behavior was "reprehensible" under the U.C.C.J.A. Judge Prevas stated:

Whatever's wrong with the mother taking the children to Hawaii is balanced out by the fact that the father took the children back. His is a little bit worse, because even though there was no custody order, he defrauded the baby-sitter. But those two cancel out.

The ... abduction and other unilateral removal of the children undertaken to obtain custody awards that I am not rewarding here is the third one, when he was notified by Judge Steinberg, there was going to be a custody hearing, bring the children to court. He calls it a mistake, but I call it the act, that under 9–202, I can't sanction. He took the children to Florida for a three month, quote unquote, vaca-

tion, basically to avoid the court system and make litigation difficult.

The U.C.C.J.A. was enacted to "deter abductions and other unilateral removals of children undertaken to obtain custody awards." FL. § 9–202(5). FL. § 9–208 provides in part:

(a) *No existing decree.*—If the petitioner for an initial decree has wrongfully taken the child from another state or has engaged in similar reprehensible conduct, the court may decline to exercise jurisdiction if this is just and proper under the circumstances.

(b) *Existing decree.*—Unless required in the interest of the child, the court shall not exercise its jurisdiction to modify a custody decree of another state if the petitioner, without consent of the person entitled to custody, has improperly removed the child from the physical custody of the person entitled to custody....

We note that Judge Prevas could also have found that appellant's removal of the children from Hawaii was "reprehensible." *Etter, supra,* 43 Md.App. at 405, 405 A.2d 760. In *Stevens v. Stevens,* 177 N.J.Super. 167, 425 A.2d 1081 (App. Div.1981), a child's mother violated an injunction that prohibited either parent from removing the child from the state of Arizona. The mother took the child from his babysitter and went to New Jersey, where she filed a custody action. On appeal from the trial court's refusal to accept jurisdiction, the New Jersey Superior Court stated,

"Certainly removal of a child in violation of an injunction would be such conduct."

*Stevens, supra,* 425 A.2d at 1083–1084.

### V.

Appellant's final contention is that Judge Prevas erroneously factored the criminal charges into this case. We disagree.

During the motions hearing, Judge Prevas stated:

On March 12th, 1992, a criminal warrant on charges of child sexual abuse was issued for Mr. Cronin. But ultimate-

ly, charges were dismissed. And I suspect it was a matter of not wanting to expose the child to the adversary system of the criminal justice system that was paramount in the minds of whoever made that decision.

This passing reference to the criminal charges does not indicate a belief in appellant's guilt. We are simply not persuaded that Judge Prevas assigned any weight to those charges when he decided that jurisdiction should not be exercised by the Circuit Court for Baltimore City.

### *Remaining Issues*

Appellee has filed a motion to submit additional excerpts of the record and to assess against appellant the costs of reproducing and binding relevant portions of the transcript. Appellant has filed (1) a motion to dismiss or strike appellee's motion, (2) a motion to dismiss appellee's brief, and (3) a motion for sanctions against appellee's counsel. Each of those motions has been considered and is hereby denied.

**JUDGMENT AFFIRMED; APPELLANT TO PAY THE COSTS.**

MANDATE TO ISSUE FORTHWITH.