### CITY OF HOBART, Indiana, Appellant–Defendant,

### v.

**Jeffrey L. CHIDESTER, on behalf of himself and all other owners of land in appealing from and in remonstrating against annexation of territory set forth in City Ordinance 89–20 of the City of Hobart, Indiana, whose names as owners of land are too numerous to recite in this caption, but whose names are set forth and appear on Exhibit "A" attached hereto the Complaint and made a part thereof, Appellees–Plaintiffs.**

No. 45A04–9010–CV–00487.

Court of Appeals of Indiana, Fourth District.

Dec. 12, 1991.

Debra Lynch Dubovich, Goodman Ball & Van Bokkelen, Highland, James A. Greco, Greco, Pera & Bishop, Merrillville, for appellant-defendant.

Richard A. Mayer, Gregory J. Tonner, Spangler, Jennings & Dougherty, Merrillville, for appellees-plaintiffs.

CHEZEM, Judge.

## CASE SUMMARY

Appellant–Defendant, City of Hobart (Hobart), appeals from a judgment in favor of Appellees–Plaintiffs, Jeffrey L. Chidester et al. (Remonstrators), holding Annexation Ordinance 90–06 invalid. We affirm.

## ISSUES

I. Did the trial court lack subject-matter jurisdiction over the remonstration proceeding?

II. Does Ind.Code 36–4–3–13(d)(4) and (5) require Hobart to do more than repeat the statutory language in the annexation fiscal plan and/or resolution?

## FACTS

On July 19, 1989, the Common Council of the City of Hobart (Council) passed ordinance 89–20 annexing territory adjacent and contiguous to the municipality. This ordinance was never adopted, however, as the Mayor of Hobart did not approve it within ten days of its presentation to her, and the Council did not pass the ordinance over the Mayor's veto at their next regularly scheduled or special meeting. *See* IC 36–4–6–14 and 16.

On September 28, 1989, Remonstrators filed a complaint against ordinance 89–20 believing it had been adopted. On January 16, 1990, the trial court determined that the remonstrance had the necessary signatures as required by IC 36–4–3–11, and issued a summons to Hobart. Hobart answered on February 8, 1990, without mention that ordinance 89–20 had never been adopted.

On February 28, 1990, Hobart filed a Motion to Dismiss on the grounds that the Council had repealed ordinance 89–20 on February 21, 1990, and enacted ordinance 90–06 which annexed the same territory as 89–20 but assigned that territory to a councilmanic district. On March 6, 1990, the trial court granted Hobart's motion and accepted the parties' stipulation that Remonstrators would be allowed to file a Supplemental Annexation Complaint against 90–06, and that "the remonstration signatures contained in the original action are remonstration signatures against the proposed annexation Ordinance 90–06." The matter then proceeded to trial where judgment was entered for the Remonstrators.

Other facts will be supplied as needed.

## DISCUSSION AND DECISION

■ Hobart contends that the trial court lacked subject matter jurisdiction over the remonstration proceeding. Subject matter jurisdiction is the power to hear and determine cases of the general class to which the proceedings then before the court belong. *Mishler v. County of Elkhart* (1989), Ind., 544 N.E.2d 149. Subject matter jurisdiction cannot be waived or conferred by agreement. *In re City of Fort Wayne* (1978), 178 Ind.App. 228, 381 N.E.2d 1093. This rule applies to the specific jurisdictional averments necessary to maintain the proceeding. *Downham v. Wagner* (1980), Ind.App., 408 N.E.2d 606. Specific jurisdictional averments must be made in the case of special statutory proceedings. *Stocker v. Cataldi* (1985), Ind. App., 483 N.E.2d 461.

■ IC 36–4–3–11 provides the specific averments necessary for a remonstrance to be valid and confer subject matter jurisdiction on the court:

> Whenever territory is annexed by a municipality under this chapter, the annexation may be appealed by filing with the circuit or superior court of a county in which the annexed territory is located a written remonstrance signed by:
> (1) a majority of the owners of land in the annexed territory; or
> (2) the owners of more than seventy-five percent (75%) in assessed valuation of the land in the annexed territory.
> The remonstrance must be filed within sixty (60) days after the publication of the annexation ordinance under section 7 of this chapter, must be accompanied by a copy of that ordinance, and must state the reason why the annexation should not take place.

Hobart argues that a valid remonstrance was not filed against ordinance 90–06 in compliance with this statute; the only remonstrance filed being against ordinance 89–20, which had never been adopted. That remonstrance was therefore a nullity, and the trial court never possessed subject matter jurisdiction over that proceeding. Because the trial court initially did not have subject matter jurisdiction, when Ho-

bart and the Remonstrators stipulated that the signatures of the remonstrance to 89–20 would be incorporated into the Supplemental Annexation Complaint against ordinance 90–06, they were conferring subject matter jurisdiction on the court. We disagree.

The record reveals that the Supplemental Annexation Complaint complied with IC 36–4–3–11 in all respects except containing the signatures of the requisite number of land owners. However, the parties stipulated that the signatures contained in the remonstrance to ordinance 89–20 would be effective in the remonstrance against ordinance 90–06. The trial court, in its order approving the stipulation, specifically found that "the same proposed annexed territory under Ordinance 89–20 is proposed to be annexed by [Hobart] under Ordinance 90–06 and that to impose upon the [Remonstrators] the additional expense, burden and hardship proceeding is unnecessary." *Record* at 451. We hold that this satisfies the statute.

## II.

■ Hobart contends that the trial court erred in concluding that the fiscal plan was deficient. We begin by noting that a city's authority to annex territory is limited by statute and that the court's role is limited to a determination of whether the city has violated its limitations, exceeded its authority, or attempted to evade and circumvent the plain meaning and intent of the statutory limitations. *Drake v. City of Fort Wayne* (1989), Ind.App., 543 N.E.2d 1145; *King v. City of Bloomington* (1959), 239 Ind. 548, 159 N.E.2d 563. IC 36–4–3–13(d) prescribes the requirements (primary determinants) to be met before a court shall order the proposed annexation to take place:

(d) The requirements of this subsection are met if the evidence establishes that the municipality has developed a written fiscal plan and has established a definite policy, by resolution of the legislative body, as of the date of passage of the annexation ordinance. The resolution must show:

(1) the cost estimates of planned services to be furnished to the territory to be annexed;

(2) the method or methods of financing the planned services;

(3) the plan for the organization and extension of services;

(4) that planned services of a noncapital nature, including police protection, fire protection, street and road maintenance, and other noncapital services normally provided within the corporate boundaries, will be provided to the annexed territory within one (1) year after the effective date of annexation, and that they will be provided in a manner equivalent in standard and scope to those noncapital services provided to areas within the corporate boundaries that have similar topography, patterns of land use, and population density;

(5) that services of a capital improvement nature, including street construction, street lighting, sewer facilities, water facilities and stormwater drainage facilities, will be provided to the annexed territory within three (3) years after the effective date of the annexation, in the same manner as those services are provided to areas within the corporate boundaries that have similar topography, patterns of land use, and population density, and in a manner consistent with federal, state, and local laws, procedures, and planning criteria; and

(6) the plan for hiring the employees of other governmental entities whose jobs will be eliminated by the proposed annexation, although the municipality is not required to hire any employees.

Hobart's claim of error consists of two contentions. First, the trial court's finding that the fiscal plan, not the resolution, was deficient is contrary to the terms of the statute. Second, the statute only requires the comparison of primary determinants to be shown by the evidence adduced at the remonstrance hearing, not by setting out such comparisons in the resolution.

■ Hobart is correct that the language of the statute requires the resolution, and not the fiscal plan, to show that the pri-

mary determinants have been met. This argument, however, does nothing to advance Hobart's claim of error in this case. The resolution passed by the Common Council on February 21, 1990, specifically adopts and incorporates into it the fiscal plan for the annexed territory. Therefore, any references in the trial court's order to the provisions of the fiscal plan are also, by action of the Common Council, references to the resolution.

Hobart next contends that the comparison of the primary determinants, between the proposed annexed territory and areas of Hobart of similar topography, patterns of land use, and population density, need be shown only by the evidence at the remonstrance hearing. Hobart relies on that portion of the statute that states: "The requirements of this subsection are met if the evidence establishes ...". We do not agree. Hobart's reading of the statute distorts its plain meaning and intention. Read completely, the statute requires that the evidence must establish that a fiscal plan has been developed and a definite policy established by resolution of the legislative body. A further reading of the statute reveals that the primary determinants must be shown *by the resolution*, not by the evidence.

Applying the statute as written to the case before us, there was no error. The trial court found that the resolution merely set out the language of the statute, without making the required comparisons of capital and noncapital services between those areas in Hobart of similar topography, patterns of land use, and population density and the territory sought to be annexed. The judgment is affirmed.

CONOVER and BUCHANAN, JJ., concur.