**CITY OF HOBART, Indiana,**
Appellant–Defendant,

v.

Floyd Roger CARTER, and all other owners of land in appealing from and in remonstrating against annexation of territory set forth in City Ordinance 92–07 of the City of Hobart, Indiana, whose names as owners of land are too numerous to recite in this caption, but whose names are set forth and appear on Exhibit "A" attached to the Complaint and made a part thereof, Appellees–Plaintiffs.

No. 45A04–9309–CV–332.

Court of Appeals of Indiana,
Fourth District.

Dec. 27, 1994.

Karen L. Hughes, Lucas, Holcomb & Medrea, Merrillville, Jeffrey F. Gunning, Pinkerton and Friedman, Munster, for appellant.

Richard A. Mayer, Gregory J. Tonner, Spangler, Jennings & Dougherty, Merrillville, for appellees.

## OPINION

CHEZEM, Judge.

### Case Summary

Defendant–Appellant, City of Hobart ("Hobart"), appeals the trial court's grant of Plaintiff–Appellee's, Floyd R. Carter's ("Carter"), remonstrance complaint. Having reviewed the evidence, findings, and conclusions, we reverse and remand.

### Issues

■ Hobart presents several issues for our review,[1] which we restate as follows:

1. Whether the trial court exceeded its jurisdiction in determining whether the statutory duties imposed on Hobart under IND. CODE 36–4–3–13 were met.

2. Whether the specific findings of fact and conclusions of law entered by the trial court were clearly erroneous.

### Facts and Procedural History

The City Council of Hobart approved Ordinance No. 92–07, to annex certain territory in unincorporated Ross Township. At the same time, the amended Fiscal Plan and Resolution 92–06 were also properly adopted. Carter soon after filed a Complaint for Remonstrance. Carter's remonstrance Complaint was found to have met the statutory provisions for the requisite number of signatures of the annexed territory's landowners. The parties, by agreement, stipulated that the matter would proceed as a remonstrance action only. Thus, the trial court determined only whether Hobart complied with IND. CODE § 36–4–3–13(c) and (d). The trial court granted Carter's remonstrance Complaint and Hobart's annexation proposal under Ordinance 92–07 was denied. Hobart

---

1. Carter presents three issues on cross appeal: First, whether the evidence shows that the City of Hobart is annexing this property for the sole purpose of securing additional tax revenue; second, whether the City of Hobart's Ordinance No. 92–07 obligates the City to provide non-capital services to comparable areas within the annexed territory as required by statute, and; third, whether the procedural, statutory, and constitutional rights of the landowners would have been violated by Hobart's proposed annexation.

Carter did not designate these three issues as issues on cross-appeal. Rather, he stated in his Response to Appellant's Motion to Strike: "From the outset, it should be noted that there is no Cross–Appeal filed by the Appellees ... At no time did the appellees file a Cross–Appeal or attempt to file a Cross–Appeal."

These three issues raised by Carter are not mere responses to issues initially raised by Hobart. Carter invites this court to make an independent determination on his behalf as to the validity of the trial court's findings of fact and conclusions of law. Although his claim for remonstrance was granted, Carter cross-appeals isolated portions of the trial court's findings of fact and conclusions of law that are unfavorable to him.

Because Carter denies the existence of a cross-appeal in his Response to Appellant's Motion to Strike, we must not consider these issues waived by him. We therefore grant Hobart's Motion to Strike Appellee's Cross Appeal.

appeals, claiming the trial court extended beyond its statutory jurisdiction when issuing its specific findings of fact and conclusions of law, and also that the trial court did not consider evidence presented at the remonstrance hearing in its determination of whether Hobart complied with I.C. 36–4–3–13(d).

## Discussion and Decision
### I. Standard of Review

The trial court entered specific findings of fact and conclusions of law. The special findings will not be disturbed unless clearly erroneous. T.R.52(A). We determine whether the evidence supports the findings and whether the findings support the judgment, and we disturb the judgment only where there is no evidence supporting the findings or the findings fail to support the judgment. *Indianapolis Convention & Visitors Ass'n v. Indianapolis Newspapers, Inc.* (1991), Ind., 577 N.E.2d 208. For a party to prevail on appeal from an adverse trial court judgment in a remonstrance action, "there must be a complete failure of proof with regard to the determinant at issue." *Abell v. City of Seymour* (1971), 150 Ind.App. 163, 166, 275 N.E.2d 547, 550; *see also Baker v. City of South Bend* (1971), 148 Ind.App. 596, 268 N.E.2d 623.

We do not reweigh the evidence; rather, we consider the evidence most favorable to the judgment of the trial court with all reasonable inferences therefrom. *Smith*

*v. Town of Culver* (1968), 249 Ind. 665, 234 N.E.2d 494 (affirming trial court's decision to uphold annexation); *City of Aurora v. Bryant* (1960), 240 Ind. 492, 165 N.E.2d 141 (affirming trial court's decision to invalidate annexation).

The power of annexation is fundamentally legislative, and the judicial role in annexation cases is limited to that prescribed by statute. *King v. City of Bloomington* (1959), 239 Ind. 548, 159 N.E.2d 563. Under the current statute,[2] if the remonstrators are able to garner the requisite level of support, they may appeal the annexation to the courts. At the remonstrance hearing, the burden is on the municipality to demonstrate its compliance with the statute. This court's review is limited to ensuring that the municipality has not exceeded its authority and that the statutory conditions for annexation have been satisfied. *Cf. City of Indianapolis v. Wynn* (1959), 239 Ind. 567, 157 N.E.2d 828, *reh. denied.*

## II. Statutory Jurisdiction

We must first determine whether the trial court exceeded its jurisdiction in determining whether the statutory duties imposed on Hobart under IND.CODE 36–4–3–13 were met. Hobart argues the trial court exceeded its jurisdiction by wrongfully comparing the services to be provided to the area being annexed to a city-wide standard. Specifically,

---

2. The annexation statute, IND.CODE § 36–4–3–13(d) provides:

(d) The requirements of this subsection are met if the evidence establishes that the municipality has developed a written fiscal plan and has established a definite policy, by resolution of the legislative body, as of the date of passage of the annexation ordinance. The resolution must show:

(1) The cost estimates to planned services to be furnished to the territory to be annexed;

(2) The method or methods of financing the planned services;

(3) The plan for the organization and extension of services;

(4) That planned services of a noncapital nature, including police protection, fire protection, street and road maintenance, and other noncapital services normally provided within one (1) year after the effective date of annexation, and that they will be provided in a manner equivalent in stan-

dard and scope to those noncapital services provided to areas within the corporate boundaries that have similar topography, patterns of land use, and population density;

(5) That services of a capital improvement nature, including street construction, street lighting, sewer facilities, water facilities, and stormwater drainage facilities, will be provided to the annexed territory within three (3) years after the effective date of the annexation, in the same manner as those services are provided to areas within the corporate boundaries that have similar topography, patterns of land use, and population density, and in a manner consistent with federal, state, and local laws, procedures, and planning criteria; and

(6) The plan for hiring the employees of other governmental entities whose jobs will be eliminated by the proposed annexation, although the municipality is not required to hire any employees.

Hobart challenges the trial court's specific findings of fact 18, 21, 22, 23, and 24.[3]

■ Clearly, the legislative plan adopted by Hobart gives comparable areas within Hobart and the proposed annexed territory. The trial court found that the listed areas were, in fact, true comparable areas based on population, land use and topographical characteristics in compliance with IND.CODE § 36–4–3–13(d)(4) and (5). Hobart thus complied with the first requirement of the statute in establishing comparable areas for the entire annexed area. The trial court was required to determine whether each specific comparable area in the proposed annexed territory would receive equal capital services and equivalent non-capital services to its listed comparable area within Hobart. *Drake v. City of Fort Wayne* (1989), Ind.App., 543 N.E.2d 1145, 1150–51, *trans. denied.* (We note our supreme court's disapproval of the holding in *Drake* on other grounds. *City of Hobart v. Chidester* (1992), Ind., 596 N.E.2d 1374, 1378, *reh. denied*).

We next discuss whether the specific findings of fact and conclusion of law entered by the trial court were clearly erroneous. Hobart claims the trial court's findings 16, 17, 19, 20, 22, 23, and 25[4] are clearly erroneous because the trial court considered only the written fiscal plan and ordinance and did not consider oral testimony provided at the remonstrance hearing.

This controversy centers around the language in IND.CODE 36–4–3–13(d), requiring that services provided to the annexed area be like services "provided to areas within the corporate boundaries that have similar topography, patterns of land use, and population density." IND.CODE § 36–4–3–13(d)(4), (5). Plainly, the statute requires the city to spell out what services it plans to provide to the annexed area. The issue before us is whether the comparisons between the annexed area and areas of the city with similar topography, patterns of land use, and population density made by Hobart via the plan and resolution[5] and supplemented with oral testimony at the hearing, was properly

---

3.  18. The comparable areas in the fiscal plan which are within the proposed annexed territory do not have city sanitary service, storm sewers, nor street lights in the same frequency as found *within Hobart.*

    21. There would be a need for the installation of substantially more than six (6) street lights in the proposed annexed area, if they are placed in the same frequency as they are found *within Hobart's city limits.*

    22. Hobart has *within its city limits* numerous fire hydrants used by the Hobart Fire Department to fight fires.

    23. The closest fire hydrants to the North Mill Subdivision in the proposed annexed area are more than two (2) miles away.

    24. The result is that accessibility to fire hydrants in the proposed annexed territory is substantially less than that accessibility *within Hobart's city limits.*
    (Emphasis added)

4.  16. The fiscal plan estimates additional first year revenue to Hobart from the annexation as being Two–Hundred Eighty-one Thousand Three Hundred Thirteen ($281,313.00) Dollars, less projected first year operating expenses, or an additional net yearly revenue of Two Hundred Seventy-four Thousand Nine Hundred Fifty Dollars and sixty-eight cents ($274,950.68). But there is no indication as to how this money would be spent.

    17. The comparable areas in the fiscal plan which are within the Hobart City limits generally are provided with city sanitary service, storm sewers and street lights.

    19. According to Stephen Truchan, Hobart City Engineer, his guess of the projected cost for extending sanitary sewers to the North Mill Subdivision in the annexed territory would be Five Hundred Thousand ($500,000) Dollars.

    20. The only specific cost included in the fiscal plan, or shown at trial, concerns the operating expense of six (6) street lights in the proposed annexed area at a cost of One Thousand Six Hundred Eighty-two and 32/100 Dollars ($1,682.32).

    22. Hobart has within its city limits numerous fire hydrants used by the Hobart Fire Department to fight fires.

    23. The closest fire hydrants to the North Mill Subdivision in the proposed annexed territory is substantially less than that accessibility within Hobart's city limits.

    25. There is nothing contained in the fiscal plan, or in the evidence presented at trial, as to planning for the installation and operation of the above-described items in the proposed annexed territory, or for financing any such installation and operation.

5.  The statute states "The resolution must show . . .", however, it is sufficient for the resolution to incorporate by reference the contents of the plan as Hobart did in this case. Our use of the term "plan" in this opinion assumes a plan which has been incorporated into a resolution.

considered by the trial court. Hobart argues that in the review of an annexation proceeding, the trial court must consider not only the annexation ordinance and the resolution adopting the fiscal plan, but also the evidence submitted at the hearing. Carter responds that Hobart is, in essence, asking us to re-weigh the evidence presented to the trial court, something we will not do unless the findings are clearly erroneous.

However, we must determine whether the evidence considered by the trial court supports the findings of the trial court. Our supreme court has held that comparisons between a city's topography, patterns of land use, and population density and those of an annexed territory need not be set out in the plan. *City of Hobart v. Chidester*, 596 N.E.2d at 1378. Moreover, the statute tells the trial court to "enter judgment on the question of the annexation according to the evidence which either party may introduce." IND.CODE § 36–4–3–12(a)(2).

The plan must be "sufficiently specific to enable the landowners to determine whether the services promised have been provided." *Chidester*, 596 N.E.2d at 1378. In *City of Hobart v. Chidester* (1991), Ind. App., 582 N.E.2d 457, this court held that "a further reading of the statute reveals that the primary determinants must be shown by the resolution, not by the evidence," *Id.* at 461, and also held that a trial court is justified in rejecting a plan that does not contain the primary determinants necessary for the plan. In that case, Hobart had merely laid out the statutory language in its ordinance, and had completely failed to demonstrate how it would provide similar services to similar areas. We were asked to determine whether simply reciting statutory language was sufficient to meet the requirements of IND.CODE § 36–4–3–13. Our supreme court vacated the above-mentioned portion of the decision, while remanding back to the trial court to consider *all* evidence presented at the evidentiary hearing. *City of Hobart v. Chidester*, 596 N.E.2d 1374.

We agree that "the publication of a written plan permits landowners to make an intelligent decision about whether to accept annexation or remonstrate." *Id.* It is not required, however, that all proof of a city's ability to provide like services be set out in the written plan. *Id.* Clearly, there would be no need for an evidentiary hearing if all proof of a city's ability to provide like services had to be set out in the written plan. We cannot read legislative intent as requiring the courts to ignore the evidence adduced at the hearing. *Id.* Indeed, the proper method for the trial court in arriving at its specific findings would have been to rely on both the written plan and the oral testimony regarding the plan's implementation offered at the evidentiary hearing. *Id; Chidester*, 631 N.E.2d 908.

Nonetheless, the trial court's findings did not indicate whether the evidence presented at the hearing was insufficient to show these comparisons, or whether the services proposed for the annexed territory would not be equivalent to services provided to *similar areas* within Hobart. As a result, we are unable to determine whether the evidence considered by the trial court supports its findings. *See, e.g., Chidester*, 631 N.E.2d 908 (examining all evidence considered by the trial court to determine if the evidence supports the findings). Accordingly, we remand to the trial court for a determination that indicates whether the evidence presented at the hearing was insufficient to show these comparisons, or whether the services proposed for the annexed territory would not be equivalent to services provided to similar areas within Hobart.

Reversed and remanded.

SHARPNACK, C.J., and KIRSCH, J., concur.