**CITY OF HOBART, Indiana, Appellant–Defendant,**

v.

**Floyd Roger CARTER, et al., Appellees–Plaintiffs.**

No. 45A03–9609–CV–355.

Court of Appeals of Indiana.

June 8, 1998.

John P. Bushemi, John P. Bushemi & Associates, Merrillville, for Appellant–Defendant.

Richard A. Mayer, Gregory J. Tonner, Spangler, Jennings & Dougherty, P.C., Merrillville, for Appellees–Plaintiffs.

## OPINION

HOFFMAN, Judge.

The City of Hobart, Indiana appeals the trial court's decision after remand by this Court granting remonstrators' complaint.

The facts relevant to the cause are set out in the first appeal:

The City Council of Hobart approved Ordinance No. 92–07, to annex certain territory in unincorporated Ross Township. At the same time, the amended Fiscal Plan and Resolution 92–06 were also properly adopted. Carter soon after filed a Complaint for Remonstrance. Carter's remonstrance Complaint was found to have met the statutory provisions for the requisite number of signatures of the annexed territory's landowners. The parties, by agreement, stipulated that the matter would proceed as a remonstrance action only. Thus, the trial court determined only whether Hobart complied with IND. CODE § 36–4–3–13(c) and (d). The trial court granted Carter's remonstrance Complaint and Hobart's annexation proposal under Ordinance 92–07 was denied. Hobart appeals, claiming the trial court extended beyond its statutory jurisdiction when issuing its specific findings of fact and conclusions of law, and also that the trial court did not consider evidence presented at the remonstrance hearing in its determination of whether Hobart complied with I.C. 36–4–3–13(d).

*City of Hobart v. Carter,* 644 N.E.2d 898, 899–900 (Ind.Ct.App.1994).

In the first appeal of this cause, this Court noted that the trial court must view the plan, as well as the evidence presented at the hearing, and determine:

the trial court's findings did not indicate whether the evidence presented at the hearing was insufficient to show these comparisons, or whether the services proposed for the annexed territory would not be equivalent to services provided to *similar areas* within Hobart. As a result, we are unable to determine whether the evidence considered by the trial court supports its findings. Accordingly, we remand to the trial court for a determination that indicates whether the evidence presented at the hearing was insufficient to show these comparisons, or whether the services proposed for the annexed territory would not be equivalent to services provided to similar areas within Hobart.

*Id.* at 902 (citations omitted) (emphasis in original).

After remand, the trial court allowed the parties to submit additional proposed findings of fact and conclusions of law. The trial court then entered new findings and conclusions in an order dated June 5, 1996. The trial court again denied the annexation and granted the remonstrators' complaint. Hobart again appeals.

■ As restated, Hobart presents one consolidated issue for review: whether the trial court's findings of fact and conclusions of law are clearly erroneous inasmuch as Hobart's evidence demonstrated that Hobart will provide equivalent services for equivalent areas in its proposed annexation as required by IND. CODE § 36–4–3–13 (1988 Ed.).

Our standards for reviewing requested findings of fact and conclusions of law and annexation cases have not been altered since the first appeal in this cause:

> The trial court entered specific findings of fact and conclusions of law. The special findings will not be disturbed unless clearly erroneous. T.R. 52(A). We determine whether the evidence supports the findings and whether the findings support the judgment, and we disturb the judgment only where there is no evidence supporting the findings or the findings fail to support the judgment. [citation omitted] For a party to prevail on appeal from an adverse trial court judgment in a remonstrance action, 'there must be a complete failure of proof with regard to the determinant at issue.' [citations omitted]
>
> We do not reweigh the evidence; rather, we consider the evidence most favorable to the judgment of the trial court with all reasonable inferences therefrom. [citations omitted]
>
> The power of annexation is fundamentally legislative, and the judicial role in annexation cases is limited to that prescribed by statute. [citation omitted] Under the current statute [footnote omitted], if the remonstrators are able to garner the requisite level of support, they may appeal the annexation to the courts. At the remonstrance hearing, the burden is on the municipality to demonstrate its compliance with the statute. This court's review is limited to ensuring that the municipality has not exceeded its authority and that the statutory conditions for annexation have been satisfied. [citation omitted].

*City of Hobart, supra,* 644 N.E.2d at 900.

As with the first appeal, the "controversy centers around the language in IND. CODE 36–4–3–13(d), requiring that services provided to the annexed area be like services 'provided to areas within the corporate boundaries that have similar topography, patterns of land use, and population density.' " *Hobart,* 644 N.E.2d at 901, *quoting* IND. CODE § 36–4–3–13(d)(4), (5). Specifically, in the present appeal, Hobart contends that the findings of fact numbered "23, 24, 25, 26, 28, 29, 30, 33, 34, 35, 36, 37, 38, and 39" demonstrate that the trial court exceeded its statutory function on review. According to Hobart, as a result of the erroneous findings of fact, conclusions of law numbered "5, 6, 7, 8, 9 and 10" are contrary to law.

Here, we note that the cause was remanded for the trial court's consideration of the evidence presented at the annexation hearing. The trial court entered new findings of fact and conclusions of law supporting its determination that the annexation must be denied and granted the remonstrators' complaint. On appeal, Hobart contends that the trial court's judgment usurped a legislative function because evidence in the record supports the annexation which was adopted by the Hobart Common Council.

■ In its Brief of Appellant, Hobart supports its contention that the trial court erroneously determined that comparable services would not be provided in the annexed area by directing this Court to its proposed order, including its proposed findings of fact and conclusions of law, and by references to the fiscal plan relied upon by the trial court in its first order. Hobart's proposed order was rejected by the trial court and does not constitute evidence. The proposed order is a mere recitation of Hobart's position which contains unsupported references to testimony at the annexation hearing and to the fiscal plan. Although Hobart's recitation of the evidence, even without specific record citations, may be appropriate in its proposed findings of fact and conclusions of law and order, such is not the case on appeal.

In its Brief of Appellant, Hobart has bootstrapped its argument to its contentions contained in a proposed order which was not signed. *Cf. Lenard v. Adams,* 425 N.E.2d 211, 218 (Ind.Ct.App.1981) (not appropriate to cite another appellate brief as authority for appellate argument). A rejected pro-

posed order does not constitute evidence. Hobart wholly fails to support its argument for error with direct references to the testimony and evidence presented at the hearing.[1]

■ Ind. Appellate Rule 8.3(A)(5) requires appellants to support a statement of facts "with appropriate references to the record." Rule 8.3(A)(7) provides, in pertinent part, "[t]he argument shall contain the contentions of the appellant with respect to the issues presented, the reasons in support of the contentions along with citations to the authorities, statutes, and parts of the record relied upon, and a clear showing of how the issues and contentions in support thereof relate to the particular facts of the case under review." This Court will not conduct a search of the record to discover grounds for reversal. *See Hebel v. Conrail, Inc.*, 475 N.E.2d 652, 659 (Ind.1985).

■ The only specific references to the record contained within the Brief of Appellant are to the fiscal plan which is evidence, the same evidence used by the trial court in its initial order. However, the fiscal plan is not sufficiently specific to meet the standards set out in IND. CODE § 36–3–4–13(d). The entire reason for remand requiring the additional findings and conclusions by the trial court was to allow Hobart to supplement the general annexation design outlined in the fiscal plan. Hobart's failure to specify evidence which would demonstrate compliance with the code section requires affirmance of the trial court's order in favor of the remonstrators.

Affirmed.

GARRARD and STATON, JJ., concur.

---

1. The record of proceedings is contained in seven original volumes with over 1,300 pages and an additional two supplemental volumes. Hobart's page references do not distinguish between original or supplemental volumes.